## William Weeks *vs.* Abial Trask.

Lincoln.   Opinion December 27, 1888.

*Award.   Assumpsit.   Trespass.   "Abide and Perform."*

Entering upon the disputed land and erecting thereon a fence several rods from the line between the parties, adjoining lands designated by arbitrators to whom the finding and fixing the true line was submitted, do not constitute a breach of the agreement "to abide by and perform the award."

On exceptions, by defendant to overruling his demurrer to plaintiff's declaration.

This was an action of assumpsit, in which the plaintiff declared on an agreement entered into by him and the defendant, to refer their differences as to the true boundary line between adjoining lands and mutual claims of trespass thereon, to certain arbitrators.   After setting out the agreement, and the making and publishing of the award, the declaration alleges "said defendant then and there neglected and refused to abide by and perform said determinations and awards of said referees, and still neglects and refuses" * * * "whereby said defendant has become liable to pay to said plaintiff the sum of $300 as liquidated damages. * * *"

The plaintiff set out, among others, the following breaches of the award:

1.   That heretofore, to wit, on the eighth day of September, A. D. 1883, and after the said award was made to the parties thereto agreeably to the terms of the submission, and notice thereof had been duly given to and received by them, the said defendant without the consent and against the will of the plaintiff entered upon the land of the plaintiff easterly of and bordering upon the division line between the plaintiff's land and the defendant's land as established by said award, and about four rods easterly of said division line, and then and there upon the plaintiff's said land built a fence about one hundred and thirty rods long, and the defendant then and there claimed that the land upon which said fence was so built was his own land, in violation

and disregard of the award aforesaid, by which award said land upon which said fence was so built was determined and decided to be the land of said plaintiff; and in violation and disregard of the division line between the lands of the plaintiff and the defendant as determined and established by said award.

2.    That the defendant heretofore, to wit, on the 8th day of September, A. D. 1883, ignored and disregarded the division line determined and established by said award as aforesaid, by then and there crossing easterly over and across said line and claiming that the division line was to the eastward of the line established by said award, in violation of said award.

To the declaration the defendant filed a special demurrer, assigning, among others, the following causes:

1st.    That in and by said declaration the said Abial Trask is not charged with doing any act which by the alleged agreement and awards set forth, in said declaration, he was restrained or prohibited from doing, nor with neglecting or refusing to do any act which he was by said alleged agreement or awards required to do.

2d.    That it appears by said declaration that if the said William Weeks has any cause of action against the said Abial Trask, as therein alleged, the same is by an action of trespass or writ of entry, and not in assumpsit.

3d.    That the alleged agreement set forth in said declaration is unconscionable, without consideration, and void.

5th.    (In substance) that the controversy related to the title and possession of real estate not described or located in the agreement or awards.

6th.    (In substance) that the boundary line was not so defined and described as to be capable of location upon the face of the earth, and was not designated by any permanent, definite and ascertainable monuments or objects.

8th.    That the said alleged agreement and award as sought by the said declaration to be applied to the alleged causes of action therein set forth, is against public policy, in restraint of the legal and constitutional rights of the parties, and in derogation of the authority and jurisdiction of the courts.

The demurrer having been joined, was overruled by the court.

*G. B. Sawyer*, for defendant.

The demurrer though special in form, is in legal intendment and effect general, going to the substance—"the very right of the matter." If unnecessary, plaintiff cannot complain. Stephen's Plead., 3d Am. ed., 158, 159.

1. The award merely determines where, upon the face of the earth, the pre-existing boundaries are. Morse Arb. and Award, 513 *et seq.*, and cases cited. It can have no more effect than a deed. *Goodridge* v. *Dustin*, 5 Met. 363. The parties are then left to their ordinary legal remedies. *Jackson* v. *Gager*, 5 Cowen, 383; *Sellick* v. *Addams*, 15 Johns. 197. It only determines a matter fact. There is nothing in it which either party is to "abide by and perform" as regards establishing the line.

Plaintiff's first specification sets out only a simple act of trespass for which he has ample remedy by the ordinary processes of law. The second specification may result in a technical trespass and so *damnum absque injuria ;* if actual trespass, it was actionable as such. The going across the line may have been with plaintiff's consent. It is not alleged to have been wrongful or injurious. The "claim" set up by defendant, is either harmless criticism by plaintiff or slander of title. Bouv. Law Dic. "Slander of title."

Plaintiff nowhere alleges a failure to do any act required by the award. It operates only in respect to the matters submitted. "Courts will always seek to uphold a submission * * * according to the obvious intent of the parties." Morse Arb. 47; Ib. 59. *Gordon* v. *Tucker*, 6 Maine, 247. The obligation to "abide by and perform" can only be construed as intended by the parties to apply to those parts of the award as to which performance was possible. This was a common law submission. The bond can give the award no greater force than if the submission had been by rule of court.

2. The reference was not intended to provide by "liquidated damages" in their agreement, for future trespasses. Submissions cover only, generally speaking, matters in dispute, doubt, or controversy between the parties at the date of their execution. *Thrasher* v. *Haynes*, 2 N. H. 429 ; parties must have power over the subject matter. *Bean* v. *Farnham*, 6 Pick. 269.

Did the referees in this case intend to make an award which should supersede the ordinary common law remedies in trespass and ejectment? If so, to how much of the land of either party should this novel remedy apply? Was it to be concurrent with the ordinary remedies, or cumulative, or exclusive? If concurrent, was it to give the injured party his election, so that for a trespass of slight importance he might claim the "three hundred dollars as liquidated damages," but for one of great magnitude he might resort to an action of trespass? If cumulative, was it intended that he might twice recover damages for the same act? If exclusive, was it intended that for any trespass, however small or great or long continued, the injured party should recover three hundred dollars, and no more or no less? In either of these aspects the stipulation, under the construction contended for by the plaintiff in this case, would be unconscionable and contrary to the spirit and policy of the law.

Counsel further argued that the award is void. It does not appear either by the submission or award how much or what width of land was in dispute, or whether the submission extended to the locus of the alleged trespass. If the submission extended to a width of four rods from the line found by the referees, it may have extended to forty or a hundred, and be set up as the pretext for a recovery for any act of trespass by either party, on any land of the other, if in the town of Jefferson, (the only description given in the submission), however remote from the disputed line.

Neither the submission or award show whether the land at a distance of four rods from the referees' line, on either side, or if on either side, which side, was a subject of controversy. We are justified, therefore, in holding that the award was void, for uncertainty,—resulting from the uncertainty of the submission. *Woodward* v. *Atwater*, 3 Clarke, (Iowa) 61, cited in *Morse Arb.* 62.

If an award is clearly void, on its face, for uncertainty, the defendant in a suit upon it may demur. *Morse Arb.* 434.

*H. Ingalls, W. H. Hilton* with him, for plaintiff.

The award is sufficiently definite. The location is given in the submission. The line established by the referees was a straight line extending from one monument to another, and, as appears

in the award, was the line in dispute. It is competent to show what line is referred to. *Parkman* v. *McQuaid*, 54 Wis. 473.

Submission not against public policy. *Tyler* v. *Dyer*, 13 Maine, 41, 49; *Cushing* v. *Babcock*, 38 Maine, 452, 455.

On the question of damages counsel cited: *Gammon* v. *Howe*, 14 Maine, 250, 253. $300 is a liquidated sum. *Dwinel* v. *Brown*, 54 Maine, 468.

VIRGIN, J. Assumpsit to recover $300 as liquidated damages for the alleged breach of a written agreement "to abide by and perform an award" by which the arbitrators found and established the division line between the adjoining tracts of lands of the parties.

It is well settled that a published award, made under a written submission giving authority "to find and establish the boundary line between the adjoining lands of different proprietors, is conclusive on the parties, and they are estopped thereby to dispute it when thus established." *Tyler* v. *Dyer*, 13 Maine, 41; *Sweeny* v. *Miller*, 34 Maine, 388; *Buck* v. *Spofford*, 35 Maine, 526; *Goodridge* v. *Dustin*, 5 Met. 363; *Thayer* v. *Bacon*, 3 Allen, 163; *Searle* v. *Abbe*, 13 Gray, 409; *Shaw* v. *Hatch*, 6 N. H. 162; *Russell* v. *Allard*, 18 N. H. 222; *Orr* v. *Hadley*, 36 N. H. 575; *Marshall* v. *Reed*, 48 N. H. 36.

Moreover, a controversy as to the location of the division line between adjoining lands necessarily involves the title of the strip of land lying between the two lines claimed by the respective parties. And though the award does not attempt in terms to transfer from one party to the other the intervening strip, nevertheless, without making any new line, it does "find and establish"—that is, ascertain and confirm what was before doubtful—the pre-existing line, on the respective sides of which the parties had held the title ever since they became the proprietors of the adjoining lots. *Searle* v. *Abbe*, *supra*.

Furthermore, the particular locality of the line upon the face of the earth having been thus ascertained and fixed, *transit in rem arbitratam*. *Duren* v. *Getchell*, 55 Maine, 241, 249. Thenceforth, relying upon the finality of that line through the estoppel of the parties to deny it and its necessary consequences, a writ of entry might be maintained by either party against the other who should

disseize the demandant of his land bordering on it (*Goodridge* v. *Dustin*, *supra*); or trespass would lie against whichever of the parties committed acts of trespass on the other side of the line. *Sellick* v. *Adams*, *supra*; *Shaw* v. *Hatch*, *supra*.

Assuming then, that the declaration sufficiently alleges that the defendant's acts complained of were committed upon the land the title to which was in controversy, until the award virtually determined it to be in the plaintiff, the demurrer directly presents the question,—whether the defendant's going upon the land after the publication of the award, and then and there, in disregard of the award, erecting the fence and claiming the land as his own, constitute a breach of his stipulation in the submission "to abide by and perform the award," for which assumpsit will lie; or whether the plaintiff must resort to his action of tort for remedy.

This precise question has been decided in New Hampshire, where it was held, that entering upon the disputed land, removing the stone monuments erected by the arbitrators to designate the division line found and established by their award, and denying that to be the true line, did not constitute a breach of the arbitration bond conditioned "to abide by and perform the award." Richardson, C. J., said, the words "abide by" did not mean to acquiesce in; but simply to await the award without revoking the submission, adding "the award is conclusive between the parties and the defendant may be liable in trespass for what he has done." *Shaw* v. *Hatch*, *supra*. A like view was adopted in *Marshall* v. *Reed*, *supra*.

Doubtless a revocation of the authority of the arbitrators before the award is made is a breach of such a stipulation. *King* v. *Joseph*, 5 Taunt. 452; *Brown* v. *Leavitt*, 26 Maine, 251. So is putting it beyond the power of the arbitrators to make an award, —as the marriage of the female party. *Charnley* v. *Winstanly*, 5 East, 266. Or, preventing one of the arbitrators from taking part in an award as to costs which were a part of subject referred. *Quimby* v. *Melvin*, 35 N. H. 198. So is refusing to pay money in accordance with the award. *Thompson* v. *Mitchell*, 35 Maine, 281; *Plummer* v. *Morrill*, 48 Maine, 184. Also refusing to do any act other than the payment of money, required by the award, such as

transferring a piece of a vessel; and when the submission is not under seal, assumpsit will lie. *Gerry* v. *Eppes*, 62 Maine, 49, 51, 52.

To "abide the order of the court" in a bastardy proceeding, said Shaw, C. J., means "to perform," "to execute," "to conform to." *Hodge* v. *Hodgdon*, 8 Cush. 294, 297.

A docket entry under an action at law "to abide the decision" in a certain equity suit, has been held to mean, not that the action at law should be dependent on the final determination of the suit in equity, but that so much of the issue as was common to both should be decided in the former the same as in the latter. *Hodges* v. *Pingree*, 108 Mass. 585.

The debtor's stipulation in his bail bond "to abide, do and perform" the judgment "means," said Peters, J., "to submit to, to stand to or to abide. The words are an useless iteration, employed to add force and expression to the idea conveyed by the words to abide." *Hewins* v. *Currier*, 62 Maine, 236, 239.

While these illustrations show that these words take some shade of meaning from the subject matter, with which they are connected, our opinion is that, in cases of this sort they mean in substance that the parties will not in anywise revoke or prevent the making and publication of the award; that when made and published it shall be final; and that they will perform any act required by the award, which is within the scope of the authority conferred on the arbitrators by the submission.

The award in this case having been made in pursuance of the submission, leaving nothing to be done by either party, the submission and the award, like a deed of partition, have performed their office. And whatever controversy the parties may have subsequently had in relation to the premises, the ordinary remedies at law afford to each ample redress.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.